UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

RYAN MALONE,
on behalf of himself and
all others similarly situated,

        Plaintiff,                         Case No. 22-cv-99

    v.

INTERFLEX ACQUISITION COMPANY, LLC

        Defendant

## JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Plaintiff, Ryan Malone, on behalf of himself and all others similarly situated, and Defendant, Interflex Acquisition Company, LLC, jointly move this Court for preliminary approval of the settlement in this matter in accordance with the parties' settlement agreement, titled "Settlement Agreement & Release," attached hereto as Exhibit A (hereinafter "Settlement Agreement").

For settlement purposes only, the parties seek certification of a collective under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and certification of a class under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. ("WWPCL") and Fed. R. Civ. P. 23 ("Rule 23").

For settlement purposes, the FLSA collective is defined as: "The individuals who worked as hourly-paid, non-exempt employees at Defendant's Wisconsin Location between January 26, 2019, and January 26, 2022, as identified in **Exhibit B** to this Agreement, and who file a Consent

to Join Form within thirty (30) days following service of the Notice Packet." (Exhibit A, p. 1, ¶ E.) Similarly, "Collective Members" are those individuals "who file a Consent to Join Form within thirty (30) days following service of the Notice Packet." (*Id.* at ¶ 1.2.)

Also, for settlement purposes, the Rule 23 WWPCL class is defined as: "The individuals who worked as hourly-paid, non-exempt employees at Defendant's Wisconsin Location between January 26, 2020, and January 26, 2022, as identified in **Exhibit B** to this Agreement, and who do not affirmatively opt-out of the Settlement within thirty (30) days following service of the Notice Packet." (Exhibit A, pp. 1-2, ¶ F.) Likewise, "Class Members" are those individuals "who do not affirmatively opt-out of the Settlement within thirty (30) days following service of the Notice Packet." (*Id.* at ¶ 1.1 (footnote omitted).)

The parties believe that the Settlement Agreement is fair, reasonable, and adequate because it fully satisfies this Court's criteria for collective and class action settlements.

As such, the parties respectfully request that this Court:

1. Approve the parties' Settlement Agreement, (ECF No. 20-1), as a fair, reasonable, and adequate resolution of a bona fide dispute under the FLSA and the WWPCL;

2. Certify the WWPCL Class as a class action under FED.R.CIV.P. 23 for the purpose of settlement only;

3. Certify the FLSA Collective as a collective action under 29 U.S.C. § 216(b) for the purpose of settlement only;

4. Appoint Named Plaintiff, Ryan Malone, as the Class Representative and Collective Representative;

5. Appoint Walcheske & Luzi, LLC as Class Counsel pursuant to FED.R.CIV.P. 23(g) and Collective Counsel pursuant to 29 U.S.C. § 216(b);

6. Approve the Notice Packet in the form of Exhibit A to the parties' Settlement Agreement for distribution to all putative Collective and Class members;

7. Order that the Notice Packet to be sent to all Putative Collective Members and Putative Class Members constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to Putative Collective Members and Putative Class Members in full compliance with the requirements of applicable law, including the Due Process clause of the United States Constitution;

8. Order that each Putative Collective Member who wishes to be included in the FLSA Collective must opt-in per the instructions set forth in the Notice Packet and that their response must be postmarked within thirty (30) days of mailing of the Notice Packet;

9. Order that any Putative Collective Member who has properly and timely opted-in to the FLSA Collective and filed a Consent to Join form with this Court shall be bound by this Agreement when the Court issues a Final Order;

10. Order that each Putative Class Member who wishes to be excluded from the WWPCL Class must opt-out per the instructions set forth in the Notice Packet and that their response must be postmarked within thirty (30) days of mailing of the Notice Packet;

11. Order that any Putative Class Member who has not properly and timely requested exclusion from the WWPCL Class shall be bound by this Agreement when the Court issues a Final Order;

12. Schedule a Fairness Hearing in approximately 75 days from the date of the Court's Order;

13. Order that any Motions, including but not limited to a Motion for Approval of Attorneys' Fees and Costs, a Motion for Approval of Named Plaintiff's Service Award, and a Joint Motion for Final Settlement Approval, must be filed with the Court no later than seven (7) days prior to the Fairness Hearing; and

14. Order that any Putative Collective Member or Putative Class Member who wishes to object in any way to this Agreement must file and serve such written objections per the instructions set forth in the Notice Packet, which must be postmarked no later than thirty (30) days after the mailing of the Notice Packet, together with copies of all papers in support of his or her position. The Notice Packet shall state that the Court will not consider objections of any Putative Collective Member or Putative Class Member who has not properly served copies of his or her objections on a timely basis.

Dated this 9th day of November, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

RUDER WARE
Counsel for Defendant

**s/ *Scott S. Luzi***

James A. Walcheske, SBN 1065635
Scott S. Luzi, SBN 1067405
David M. Potteiger, SBN 1067009
WALCHESKE & LUZI, LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com
Email: dpotteiger@walcheskeluzi.com

*Attorneys for Plaintiff*

**s/ *Chad R. Levanetz***

Chad R. Levanetz, SBN 1044962

RUDER WARE
130 North Adams Street
Green Bay, Wisconsin 54301
Telephone: (608) 435-9393
E-Mail: clevanetz@ruderware.com

*Attorneys for Defendant*